**No. 46648.**—Protest 62762–K of Punta Alegre Sugar Sales Corp. (New York).

Opinion by CLINE, J. An examination of the record failed to disclose anything that would warrant the court in disturbing the action of the collector. The protest was therefore overruled.

**No. 46649.**—Protests 29166–K, etc., of Neuman & Schwiers Co., Inc., et al. (New York).

Opinion by CLINE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE FIRST DIVISION, DECEMBER 5, 1941

**No. 46650.**—Protest 31119–K of Allcock Mfg. Co. (New York).

Opinion by WALKER, J. The sample consists of a small container of plastic-like material in which is wound several yards of floss, the container being so designed that several inches of the floss may be withdrawn at a time and stretched across two projections, the article being used to whiten the nail tips. The evidence showed that the floss or cord is impregnated with some substance; that the cord and container are sold together as a unit, although nail floss is marketed by some concerns without a holder; and that no refills are made or sold by the manufacturer or importer for the container part of the exhibit. It was held that the evidence established that the article in question is a toilet preparation, used in the manner of or in the place of a nail-white pencil, the use being analagous to that of an eyebrow pencil. *Stationery Export & Import Corp.* v. *United States* (T. D. 46342 and T. D. 47631) cited. On the authority of *Graf* v. *United States* (6 Ct. Cust. Appls. 190, T. D. 35440) the claim at 37½ percent under paragraph 61 and T. D. 48316 was sustained.

**No. 46651.**—Protest 44126–K of Sun Wing Wo Co. (Los Angeles).

Opinion by WALKER, J. It was stipulated at the trial that the exhibit received in evidence is composed of straw in its natural state, and not the separated fibers thereof. The exhibit consists of a flat container of straw, approximately 6¼ inches from the opening to the bottom, and about 10 inches wide. It has a separate cover measuring approximately 6 by 11 inches which fits over the container and covers the opening. The article resembles a woman's handbag. On the record presented the bags in question were held properly classified at 50 percent under paragraph 411.

**No. 46652.**—Protests 974393–G, etc., of E. Dillingham, Inc. (Ogdensburg).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed only on the net footage imported. The protests were therefore sustained to that extent.

**No. 46653.**—Protests 976598–G, etc., of A. N. Deringer, Inc. (St. Albans).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed only on the net footage imported. The protests were therefore sustained to that extent.

**No. 46654.**—Protests 979280–G, etc., of Central Vermont Railway, Inc. (St. Albans).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed only on the net footage imported. The protests were therefore sustained to that extent.

BEFORE THE THIRD DIVISION, DECEMBER 5, 1941

**No. 46655.**—Protests 979894–G, etc., of S. S. Kresge Co. (Baltimore).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Butler* v. *United States* (4 Cust. Ct. 120, C. D. 303) the merchandise in question was held dutiable as Rockingham earthenware at 25 percent under paragraph 210 as claimed.

**No. 46656.**—Protests 950894–G, etc., of Austin, Nichols & Co. et al. (New York).

Opinion by KEEFE J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

DECEMBER 8, 1941

**No. 46657.**—est 24745–K of E. I. du Pont de Nemours & Co. Abstract 46420. Application by Government for rehearing denied.

BEFORE THE FIRST DIVISION, DECEMBER 10, 1941

**No. 46658.**—Protests 996719–G, etc., of E. Dillingham, Inc. (Ogdensburg).